UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                       **DECISION AND ORDER**
                                                  18-CR-216S

PATRICK R. MCQUADE,

                Defendant.

On April 17, 2019, this Court sentenced Defendant to 2 years of probation and ordered to make restitution to the Rite Aid Corporation in the amount of $7,793.78, after he previously pleaded guilty to obtaining controlled substances by fraud, in violation of 21 U.S.C. 843 (a)(3). (Docket No. 25.)

By motion filed September 10, 2020, Defendant seeks to terminate the remaining seven months of his probation under 18 U.S.C. 3564(c). (Docket No. 29.) He contends that termination is warranted due to his compliance with the terms of his supervision, his ability to turn his life around, and the challenges his status on probation presents in finding employment opportunities. The supervising probation officer does not oppose Defendant's request. The government has not stated its position on Defendant's request, which for the reasons stated below will be denied.

A court may terminate a term of probation previously ordered and discharge the defendant at any time after the expiration of one year of probation in the case of a felony. 18 U.S.C. § 3564(c). But a court may do so only if it is satisfied that termination of

probation is warranted by the defendant's conduct and the interest of justice, after consideration of the relevant factors in 18 U.S.C. 3553 (a). Id.

Early termination of probation "is not warranted as a matter of course." United States v. Rusin, 105 F. Supp. 3d 291, 292–93 (S.D.N.Y. 2015), quoting United States v. Gerritson, No. 01 cr. 1081, 2004 WL 2754821, at *3 (S.D.N.Y. Dec. 1, 2004). "Rather, the defendant must show that there is a 'new or unforeseen circumstance,' such as exceptionally good behavior." Id. Early termination is not warranted where a defendant did nothing more than that which he was required to do by law. See United States v. Medina, 17 F.Supp.2d 245, 247 (S.D.N.Y.1998) ("Unblemished" conduct while under supervision cannot alone be classified as "exceptional" and "cannot be sufficient reason to terminate [supervision] since, if it were, the exception would swallow the rule.").

"Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation." United States v. Finkelshtein, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018). See also United States v. Rusin, 105 F.Supp.3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law.").

This Court finds that termination of Defendant's term of probation is not warranted and in the interest of justice.  Defendant has been compliant with the terms of probation and has paid restitution to the Rite Aid corporation, but this is simply what was expected of him. He has maintained employment, even while on probation. He now finds some jobs

closed to him due to his being on probation.  However, this does not constitute the "extraordinary circumstances" warranting early termination of probation.

Rather, in the absence of any truly compelling circumstances, this Court finds that the nature and circumstances of the offense, the seriousness of Defendant's criminal conduct, and the continuing interests of deterrence counsel in favor of maintaining Defendant's probation.  Defendant's motion for early termination is therefore denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Early Termination of Probation (Docket No. 29) is DENIED.

SO ORDERED.

Dated:  September 24, 2020
        Buffalo, New York

                                                            s/William M. Skretny
                                                          WILLIAM M. SKRETNY
                                                        United States District Judge